UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BROTHERHOOD OF LOCOMOTIVE ENGINEERS
AND TRAINMEN GENERAL COMMITTEE OF
ADJUSTMENT    CSX    TRANSPORTATION
NORTHERN LINES,

    Plaintiff,

vs.           Case No. 3:06-cv-688-J-33TEM

CSX TRANSPORTATION, INC.,

    Defendant.
_____/

## ORDER

  This matter comes before the Court pursuant to Defendant CSX Transportation, Inc.'s Motion to Dismiss Plaintiff's Petition for Enforcement of Arbitration Award and Supporting Memorandum (Doc. # 8), filed on November 1, 2006.  On November 21, the Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment (BLET) filed a memorandum opposing CSX's motion to dismiss.  (Doc. # 10.)  In its motion, CSX argues that the two-year statute of limitations bars BLET's action to enforce the arbitration award. BLET disagrees, arguing that the statute of limitations began running months after the time CSX contends and also submits that the statute of limitations was tolled.  Because the statute of limitations began running in July 2004 and was not tolled, CSX's motion to dismiss is due to be granted.

1

## I.   Background

BLET is a labor union that represents in collective bargaining certain railroad workers employed by CSX.  (Doc. # 1, at 2.) Pursuant to the Railway Labor Act, 45 U.S.C. § 153, BLET and CSX created Public Law Board 5959[1] to arbitrate certain labor disputes. (See Doc. # 8, at 1.)  The Board consisted of three members: one aligned with each party and one neutral member.  BLET filed its petition in this Court to enforce an award made by the Board.

The genesis of this lawsuit occurred on March 12, 2003, when CSX fired a railroad employee named Pitzen for dishonesty.  (Doc. # 1, at 3.)  Pitzen challenged his dismissal, and on June 2, 2004, the Board agreed finding that Pitzen should not have been dismissed for dishonesty. The operative section of the Board's decision stated simply, "Claim sustained.  [CSX] is ordered to comply with this award within 30 days from its date." (Doc. # 1, at 8.)  CSX reinstated Pitzen.   Beyond the requirement of reinstatement, however, BLET and CSX disagreed over the meaning of this decision. BLET interpreted the decision as requiring CSX to pay Pitzen the earnings he lost between the date of his dismissal and the date of

---

[1]In 1966, Congress amended the Railway Labor Act to provide for public law boards.  The Railway Labor Act 411 (Michael E. Abram et al. eds., 2d ed. 2005).  The boards are created to arbitrate certain disputes between individual employers and unions.  Id. at 411–12.  A board is formed either by agreement between a union and an employer, or under procedures articulated in the Railway Labor Act.  Id.  Under 29 C.F.R. § 1207.4(a), each board is given a serial number.

his reinstatement.  CSX interpreted the decision as requiring only that Pitzen be reinstated.

On August 19, 2004, BLET sent a letter to CSX requesting that CSX reduce its position to writing.  (Doc. # 10-2, at 11.)  CSX responded by letter on October 6, 2004.  (Doc. # 10-2, at 16.)  CSX argued that the Board's decision required reinstatement but did not encompass payment for lost earnings.  (Doc. # 10-2, at 16.)  BLET and CSX exchanged letters on this matter until the end of 2005, when CSX restated its position that the Board's award did not require payment of lost earnings and further expressed its refusal to make such payment voluntarily (Doc. # 10-2, at 22).

On February 9, 2006, BLET requested that the neutral member of the Board clarify whether its decision required CSX to pay Pitzen's lost earnings.  (Doc. # 10-2, at 24.)  On March 31, 2006, the neutral member issued his interpretation of the Board's decision. (Doc. # 1, at 9.)  The interpretation stated that the decision indeed required payment of lost earnings.  (Doc. # 1, at 9.)  CSX did not pay, and BLET filed this action on August 1, 2006.  CSX filed its motion to dismiss on November 1, 2006.

## II. Discussion

### A.  The Parties' Arguments

In its motion, CSX argues that the statute of limitations bars this action.  Specifically, CSX points to the Railway Labor Act's two-year statute of limitations for actions to enforce arbitration

3

awards.  (Doc. 8, at 5-6.)  CSX notes that the Board's decision required CSX to comply within thirty days.  (Doc. # 8, at 6.)  CSX argues that the limitations period began running the day after that deadline.  The Board handed down its decision on June 2, 2004. Because CSX did not pay lost earnings by the deadline, CSX argues that BLET's cause of action accrued the very next day -- and expired on July 2, 2006.  (Doc. # 8, at 6.)

BLET principally argues that its cause of action did not accrue on July 3, 2004. First, BLET submits that a cause of action to enforce a public law board decision accrues when it is certain what the decision requires and that one party refuses to comply. (Doc. # 10, at 9.)  According to BLET, CSX's non-compliance was unclear as of July 3, 2004, because, as of that date, the precise meaning of the Board's decision was uncertain and it was not clear that CSX refused to pay lost earnings.  BLET contends that the meaning of the decision became certain only after the neutral member of the Board issued his interpretation in March 2006.  (Doc. # 10, at 14.)  BLET also argues that CSX's refusal to pay lost earnings was not clear before CSX wrote to BLET on October 6, 2004. (Doc. #10, at 14-15.)  In its letter of that date, CSX took the position that the Board's decision did not require such payment. (Doc. # 10, at 14-15.)  BLET's second argument is that it had no cause of action on July 3, 2004, because the Board's award was then too indefinite to be enforced.

4

**B.    The Standard of Review**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); accord Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).

"[D]ismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted); accord Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005).  A complaint may be dismissed only if it appears beyond doubt that the plaintiff could prove no facts that would prevent the statute of limitations from barring the claim.  See Tello, 410 F.3d at 1288 n.12 ("At the motion-to-dismiss stage, a

5

complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." (internal quotation marks omitted)).  Thus, to be entitled to dismissal, CSX must convince the Court that BLET could prove no facts that would allow BLET to maintain this action.

### C.   Analysis

#### 1.   BLET's Cause of Action Accrued in July 2004

The Railway Labor Act has its own statute of limitations for actions to enforce public law board decisions.  Codified at 45 U.S.C. § 153 First (r), the statute requires that "[a]ll actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after."  Awards by public law boards are enforceable "by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of . . . awards of the Adjustment Board."  45 U.S.C. § 153 Second ¶ 2.  Accordingly, an action to enforce the decision of a public law board must be brought within two years from the time the cause of action accrues under the decision.

A cause of action accrues "as soon as the party in whose favor it arises is entitled to maintain an action."  Federal Sav. & Loan Ins. Corp. v. Haralson, 813 F.2d 370 (11th Cir. 1987); see also

<u>Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson</u>, 545 U.S. 409, 418-19 (2005) ("We have repeatedly recognized that Congress legislates against the standard rule that the limitations period commences when the plaintiff has a complete and present cause of action." (internal quotation marks omitted)); <u>Bell v. Aerodex, Inc.</u>, 473 F.2d 869, 873 (5th Cir. 1973)[2] ("Ordinarily, a cause of action accrues when the plaintiff could first have successfully maintained a suit based on that cause of action."). "As a general rule, a cause of action accrues for purposes of subdivision (r) upon a carrier's non-compliance at the time fixed for compliance in the award." <u>Transp. Comms. Int'l Union v. CSX Transp., Inc.</u>, 30 F.3d 903, 905 (7th Cir. 1994). The Board's decision is attached to BLET's petition. The decision is dated June 2, 2004, and clearly states that CSX must comply with the decision within thirty days. (Doc. # 1, at 8.) Thus, BLET's cause of action accrued when CSX failed to comply with the award at the expiration of the thirty-day limit. It was at this time that BLET was first entitled to maintain an action to enforce the award.

BLET argues that an additional element beyond mere entitlement to maintain an action is required before a cause of action accrues under the award of a public law board. Such a cause of action

---

[2]In <u>Bonner v. City of Prichard</u>, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

accrues only when it can be maintained <u>and</u> the plaintiff has sufficient knowledge of its existence.   BLET cites <u>Lekas v. United Airlines, Inc.</u>, 282 F.3d 296 (4th Cir. 2002), for the proposition that "a cause of action accrues when the carrier is not complying with the award and the plaintiff knew the carrier would not comply." (Doc. # 10, at 4.) In <u>Lekas</u>, the Fourth Circuit adopted an inquiry notice standard for accrual of an action to enforce awards under the Railway Labor Act.   282 F.3d at 300.   Under that standard, a cause of action accrues when the plaintiff "possessed sufficient facts about the harm done that <u>reasonable inquiry</u> would reveal his cause of action."   <u>Id.</u>

Under the facts pleaded in BLET's petition, BLET possessed sufficient facts that reasonable inquiry would have revealed its cause of action in July 2004.   While BLET submits it was not on inquiry notice because it did not understand that the Board's award allowed for lost earnings, the fact that a plaintiff does not "fully appreciate the <u>legal</u> basis for his claim" does not affect the determination of whether the plaintiff was on inquiry notice. <u>See</u> <u>Lekas</u>, 282 F.3d at 300 (emphasis added).   A plaintiff is on inquiry notice when he has sufficient knowledge of the <u>facts</u> of his claim.   <u>Id.</u>   The Board's award was sufficient to put BLET on inquiry notice.

BLET also submits that its cause of action did not accrue in July 2004 because it could not have maintained a cause of action at

8

that time.  According to BLET, had it filed an action in July 2004, the Court would have been required to remand the case to the Board for a determination whether the award required payment of lost earnings.  (Doc. # 10, at 11.)

In support of its position, BLET cites to United Transportation Union v. Southern Pacific Transportation Co., 529 F.2d 691 (5th Cir. 1976).  Contrary to BLET's interpretation, in United Transportation Union, the Fifth Circuit did not hold that district courts lack jurisdiction to enforce indefinite awards. Id. at 693.  Instead, the court concluded that, "where the award is ambiguous, but can be clarified by reference to extrinsic evidence not involving the special expertise of the board . . . , the district court may proceed to resolve the conflict in an enforcement proceeding."  Id.  Any lack of clarity in the Board's initial award likely would have been resolved by reference to extrinsic evidence not involving the special expertise of the Board.  (Doc. # 1, at 9 (determining that the award was "clear and unambiguous" in light of rule requiring "pay for all time lost" in cases where employee improperly disciplined).)  Had BLET filed an action to enforce the award before the Board issued its interpretation, this Court could have remanded the case to the Board.  See United Transp. Union, 529 F.2d at 693.  The availability of this procedure does not mean that there was no cause of action prior to the Board's interpretation.

### 2.   The Statute of Limitations Was Not Tolled

BLET argues that the statute of limitations should be tolled by BLET's filing of a request that the public law board interpret its award.  (Doc. # 10, at 17.)  However, "[equitable] tolling is an extraordinary remedy which should be extended only sparingly." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (alteration in original) (quoting Justice v. United States, 6 F.3d 1474 (11th Cir. 1993)).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Id. (quoting Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999)).  BLET fails to allege any extraordinary circumstances beyond its control and unavoidable with diligence that prevented it from filing its action within the limitations period.  Instead, BLET relies on the argument that the filing of a request for interpretation tolls the statute of limitations.

The Seventh Circuit has held that the statute of limitations is not tolled by the filing of a request for interpretation. Transp. Comms. Int'l Union v. CSX Transp., Inc., 30 F.3d 903, 907 (7th Cir. 1994).  "Principles of equitable tolling are read into every federal statute of limitation . . . in the absence of congressional intent to the contrary." Cook v. Deltona Corp., 753 F.2d 1552, 1562 (11th Cir. 1985).  In Transportation Communications International Union, the court found within the statute of

10

limitations a congressional intent to the contrary: "The statute . . . is very clear. 'All actions . . . shall be begun within two years from the time the cause of action accrues . . . and not after.' 45 U.S.C. § 153 First (r) (emphasis added). This language has been strictly construed by other courts and does not permit exceptions." 30 F.3d at 905. The Seventh Circuit further examined the overall legislative scheme of the Railway Labor Act and found a policy in favor of finality of arbitration awards.[3] Id. at 907. This policy pointed to the conclusion that tolling is not "consonant with the [Railway Labor Act's] legislative scheme." Id. Accordingly, "the two-year statute of limitations found in 45 U.S.C. § 153 First (r) is not tolled by a request for interpretation . . . ." Id. This reasoning is highly persuasive.

**III. Conclusion**

Because BLET's cause of action accrued more than two years before BLET filed the action, and because it is clear that BLET could prove no facts that would toll the statute of limitations, BLET's cause of action is barred by the two-year statute of limitations applicable in this case.

---

[3]The Seventh Circuit found a policy favoring finality of awards by the National Railroad Adjustment Board under 45 U.S.C. § 153 First. The case at bar involves an award by a public law board under 45 U.S.C. § 153 Second. The statutory language making National Railroad Adjustment Board awards final is, "the awards shall be final and binding upon both parties to the dispute." 45 U.S.C. § 153 First (m). Identical language is used to make public law board awards final: "Such awards shall be final and binding upon both parties to the dispute." 45 U.S.C. § 153 Second ¶ 2.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant CSX Transportation, Inc.'s Motion to Dismiss Plaintiff's Petition for Enforcement of Arbitration Award and Supporting Memorandum (Doc. # 8) is hereby **GRANTED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 17th day of May 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

12